UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANK ZAMFINO, ) | |
| ) | |
| Petitioner, ) | CASE NO.  C05-139-JCC-MJB |
| ) | |
| v. ) | REPORT AND |
| ) | RECOMMENDATION |
| JAMES SPALDING, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

## I.  INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Frank Zamfino is a state prisoner who seeks relief under 28 U.S.C. § 2254 from his December 2000 conviction in King County Superior Court for second degree assault - domestic violence, with a sentence enhancement for being armed with a firearm.  After careful consideration of the record, I conclude that no evidentiary hearing is required and that this Court should deny petitioner's habeas petition and dismiss this action with prejudice.

## II.  FACTUAL AND PROCEDURAL HISTORY

A. <u>Background Facts</u>

In an unpublished opinion issued on July 29, 2002, the Washington Court of

REPORT AND RECOMMENDATION
Page - 1

Appeals, Division I, summarized the facts related to Petitioner's conviction as follows:

> Frank Zamfino was originally tried on a charge of attempted first degree rape, or alternatively, second degree assault. The State also charged that Zamfino committed the crime with sexual motivation and with a firearm. the trial court instructed the jury that a deadly weapon included "any firearm, whether loaded or not." After the jury acquitted Zamfino of the rape and failed to reach a verdict on the assault, the State retried Zamfino on the assault.[1] The trial court gave the same deadly weapon instruction in both trials, but in the second trial provided a special verdict form that asked whether Zamfino was armed with a firearm. The jury convicted Zamfino of assault while armed with a firearm.

Dkt. #13, Ex. 3 at 2.

B.  Procedural History

Petitioner, represented by counsel, appealed his conviction and sentence to the Washington Court of Appeals ("Court of Appeals"), claiming that the trial court erred in allowing the state to allege he was armed with a "firearm" at his second trial, despite the state's failure to object to a verdict form alleging only that he was armed with a "deadly weapon" at the first trial. Dkt. #13, Ex. 12. Petitioner also filed a *pro se* supplemental brief in which he raised claims of collateral estoppel, double jeopardy, prosecutorial misconduct, and ineffective counsel. Dkt. #13, Ex. 14. The Court of Appeals affirmed Petitioner's conviction and sentence in an unpublished opinion on July 29, 2002. *Id.* at Ex. 3. On April 1, 2003, the Supreme Court of Washington ("State Supreme Court") denied his petitions[2] for discretionary review. *Id.* at Ex. 19. The Court of Appeals issued a mandate on April 18, 2003. *Id.* at Ex. 20.

---

[1] Specifically, the State retried Zamfino for second degree assault, again alleging sexual motivation. The second jury found that Mr. Zamfino committed the assault but not with sexual motivation. Dkt. #13, Ex. 26 at 1.

[2] Both Petitioner and his counsel submitted petitions for review. Dkt. #13, Exs. 17 and 18.

REPORT AND RECOMMENDATION
Page - 2

On April 15, 2004, Petitioner filed a personal restraint petition ("PRP") in the Court of Appeals, seeking relief from confinement on grounds of ineffective assistance of both trial and appellate counsel. *Id.* at Ex. 21. On July 13, 2004, the Court of Appeals dismissed his PRP, concluding that the issues raised in the petition were all frivolous. *Id.* at Ex. 24. On October 18, 2004, Petitioner's motion for discretionary review by the state supreme court was denied by the Court Commissioner. *Id.* at 26. Petitioner's subsequent motion to modify the Commissioner's ruling was denied by the state supreme court, without comment, on January 4, 2005. *Id.* at Dkt. #28. On January 28, 2005, the Court of Appeals issued a Certificate of Finality. *Id.* at Dkt. # 29. Petitioner now seeks federal habeas review of his conviction.

### III.  GROUNDS FOR REVIEW

Petitioner presents the following grounds for federal habeas relief:

Ground One: Zamfino was denied the effective assistance of both trial and appellate counsel when those attorneys failed to move to dismiss the charge of assault with sexual motivation brought against him after he was acquitted [of] attempted first degree rape in a previous trial.

Ground Two: Zamfino was tried twice for the same crime. At the first trial, Zamfino was charged with attempted first-degree rape and, alternatively, assault with sexual motivation while armed with a deadly weapon, to wit, a firearm. At the close of the first trial, Zamfino was acquitted of the attempted rape. The trial judge declared a hung jury on the alternative charge. Zamfino was retried on the assault charge in violation of the federal constitution.

Dkt. #1, App. 7 at 1, 6. Respondent concedes that Petitioner has properly exhausted these habeas claims in the Washington Court of Appeals and the Washington Supreme Court. Dkt. # 11 at 4.

### IV.  STANDARD OF REVIEW

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either: (1) resulted in

REPORT AND RECOMMENDATION
Page - 3

1 a decision that was contrary to, or involved an unreasonable application of, clearly
2 established federal law, as determined by the Supreme Court; or (2) resulted in a
3 decision that was based on an unreasonable determination of the facts in light of the
4 evidence presented to the state courts.  28 U.S.C. § 2254(d).

5       Under the "contrary to" clause, a federal habeas court may grant the writ if the
6 state court arrives at a conclusion opposite to that reached by the U.S. Supreme Court on
7 a question of law, or if the state court decides a case differently than the U.S. Supreme
8 Court has on a set of materially indistinguishable facts.  *See Williams v. Taylor*, 529 U.S.
9 362, 412-13 (2000).  Under the "unreasonable application" clause, a federal habeas court
10 may grant the writ if the state court identifies the correct governing legal principle from
11 the Supreme Court's decisions but unreasonably applies that principle to the facts of the
12 prisoner's case.  *Id.* at 413.  The Ninth Circuit has interpreted "an unreasonable
13 application of law" to mean application that is "clearly erroneous."  *Van Tran v. Lindsey*,
14 212 F.3d 1143, 1152-54 (9th Cir.), *cert. denied*, 531 U.S. 944 (2000).

15       Additionally, if a habeas petitioner challenges the determination of a factual issue
16 by a state court, such determination is presumed correct, and the applicant has the
17 burden of rebutting the presumption of correctness by clear and convincing evidence.  28
18 U.S.C. § 2254(e)(1).

19 V. DISCUSSION

20 A.   <u>Double Jeopardy</u>

21       Petitioner argues that attempted first degree rape with a deadly weapon and
22 assault with sexual motivation while armed with a deadly weapon are the same crime in
23 law and fact.  Petitioner further contends that because he was acquitted of the first
24 degree rape charge, the Double Jeopardy Clause of the federal constitution was violated
25
26 REPORT AND RECOMMENDATION
Page - 4

when he was retried on the assault charge. Respondent argues that this is a state law issue that is not the proper subject of federal habeas review, and that Petitioner's double jeopardy claim fails because these crimes are different offenses.

The Fifth Amendment's Double Jeopardy Clause, applicable to the States through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "The Double Jeopardy Clause protects defendants against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *Custer v. Hill*, 378 F.3d 968, 972 (9th Cir. 2004) (citing *Turner v. Calderon*, 281 F.3d 851, 889 (9th Cir. 2002) (citation and internal quotation marks omitted)).

Thus, to prevail on his double jeopardy claim, Petitioner must demonstrate that, under clearly established federal law, he was subject to the same offense at both his first and second trials. The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

This Court agrees with Respondent that the offenses at issue here are different because each required the State to prove an element that the other does not. The charge of attempted first degree rape, on which Petitioner was acquitted in his first trial, required proof of "intent to engage in sexual intercourse," an element not required in second degree assault. *See* Court's Instructions to the Jury, September 29, 2000, Dkt. #13, Ex. 22, App. 5 - Instructions 6 and 9. The charge of second degree assault with

REPORT AND RECOMMENDATION
Page - 5

sexual motivation, on which Petitioner was retried after the jury was unable to reach a verdict in his first trial, required proof that the offender committed the crime "for the purpose of sexual gratification," an element not included in attempted first degree rape. *See* Court's Instructions to the Jury, December 7, 2000, Dkt.#13, Ex. 22, App. 6 - Instructions 6 and 15.  Consequently, while the crimes charged in Petitioner's first and second trial arose out of the same episode, they constitute two different offenses that did not trigger a double jeopardy bar to Petitioner's prosecution on the assault charge in the second trial.

Moreover, the constitutional double jeopardy provisions do not bar retrial following a mistrial granted because a jury was unable to reach a verdict. *See Arizona v. Washington*, 434 U.S. 497, 505, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978) ("retrial is not automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused).  The double jeopardy provisions require a final adjudication to bar retrial of a charge.  *Id.*  In the present case, although the state courts relied on a state case when adjudicating Petitioner's double jeopardy claim, the state case was clearly grounded in these federal principles.

On direct review of Petitioner's double jeopardy claim, the Court of Appeals stated:

> In a pro se brief, Zamfino argues that retrial on the assault charge violated collateral estoppel and double jeopardy.  But the jury did not make any finding of ultimate fact as to the assault charge in the first trial; rather, it could not reach a decision on the assault and acquitted Zamfino only on the rape charge.  The State could properly retry him on the assault charge.

Dkt. #13, Ex. 3 at 6.  In support of this conclusion, the court cited RCW 10.43.050 and *State v. Ahluwalia*, 143 Wn.2d 527, 22 P.3d 1254 (2001), which summarized the law and its conclusion as follows:

REPORT AND RECOMMENDATION
Page - 6

> RCW 10.43.050 codifies the double jeopardy provisions of the Unites States Constitution (Amendment V) and the Washington Constitution (Article I, Section 9). The double jeopardy provisions do not bar retrial after a jury is unable to reach a verdict on a charge because there has been no final adjudication on the charge. Petitioner [Ahluwalia] was properly retried for second degree murder without violating RCW 10.43.050 or the United States or Washington constitutions because he was neither acquitted nor convicted of the lesser charge of murder in the second degree in his first trial.

*Ahluwalia*, 143 Wn. 2d at 541. Likewise, in the instant case, when petitioner Zamfino sought to revisit his double jeopardy claim in his PRP, the Court of Appeals and the State Supreme Court affirmed that *Ahluwalia* was dispositive and concluded that Petitioner offered no persuasive reasons requiring reconsideration of his claim which had been raised and rejected on the merits on direct appeal. *See* Dkt. #13, Ex. 24 and 26.

Thus, because *Ahluwalia* was clearly based on federal and state double jeopardy provisions and because its holding was consistent with the federal principles set out above from *Arizona v. Washington*, 434 U.S. at 505, the undersigned concludes that the state courts' adjudication of Petitioner's double jeopardy claim was neither "contrary to" nor "involved an unreasonable application of" clearly established federal law, as determined by the Supreme Court. As a result, the constitutional prohibition against double jeopardy did not bar Petitioner's re-trial on the assault charge.

B.  <u>Ineffective Assistance of Counsel</u>

Petitioner argues that he was denied effective assistance of both trial and appellate counsel when those attorneys failed to move to dismiss the charge assault with sexual motivation after he was acquitted of attempted first degree rape in the previous trial. He contends that the Court of Appeals reached an erroneous conclusion that the performance of his trial and appellate counsel was not deficient because the conclusion was based on incorrect analysis of the double jeopardy claim. However, in light of this

REPORT AND RECOMMENDATION
Page - 7

Court's conclusion above regarding Petitioner's double jeopardy claim, this argument is without merit. The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel. *Shah v. United States*, 878 F2d 1156, 1162 (9th Cir. 1989).

## VI.  CONCLUSION

For the reasons set forth above, this Court recommends that Petitioner's federal habeas petition be denied, and that this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 14th day of July, 2006.

/s/ M. Benton
MONICA J. BENTON
United States Magistrate Judge